**DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

| | |
|---|---|
| ALTHEA JACOBS, ) <br> ) <br>           **Plaintiff,** ) <br>    v. ) <br> ) <br> HILTON WORLDWIDE ) <br> HOLDINGS, INC. ) <br> d/b/a THE CAPITAL HILTON, ) <br> ) <br>           **Defendant.** ) <br> _____ ) | **Civil Action No. 2018-0038** |

**Attorneys:
Ronald E. Russell, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Adam N. Marinelli, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendant*

**MEMORANDUM OPINION**

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Motion to Dismiss for Lack of Personal Jurisdiction, Insufficient Service of Process, and *Forum Non Conveniens*" (Dkt. No. 2), which was filed by Defendant Hilton Worldwide Holdings Inc. and seeks to dismiss Plaintiff Althea Jacobs' complaint with prejudice. For the reasons discussed below, the Court finds that it lacks personal jurisdiction over Defendant. However, the Court will decline to dismiss the case, and instead will transfer it to the District Court for the District of Columbia.

**I.   BACKGROUND**

On June 20, 2018, Plaintiff Althea Jacobs ("Plaintiff") filed a complaint against Defendant Hilton Worldwide Holdings, Inc. d/b/a The Capital Hilton ("Defendant") in the Superior Court of

1

the Virgin Islands. (Dkt. No. 1-1 at 6). The complaint alleges that Defendant is liable for injuries Plaintiff sustained after a slip and fall incident that occurred on June 20, 2016 at the Capital Hilton Hotel ("Capital Hilton" or "the Hotel") in Washington, D.C. *Id.* at ¶¶ 6-7. Plaintiff alleges that she "slipped on the freshly waxed floor" while on Defendant's premises and sustained injuries to her left knee and left palm. *Id.* at ¶¶ 6-8. Plaintiff claims various harms including "surgery and its after effects," "disability from her normal functions," "severe knee and wrist problems," "emotional distress," and "mental anguish." *Id.* at 5.

Defendant removed the action to this Court (Dkt. No. 1), and filed the instant Motion to Dismiss (Dkt. No. 2) and the supporting Memorandum of Law (Dkt. No. 3). Defendant moves pursuant to Fed. R. Civ. P. 12(b)(2) and (b)(4) to dismiss for lack of personal jurisdiction and insufficient service of process. (Dkt. No. 2 at 1; Dkt. No. 3 at 2).[1] Defendant also moves to dismiss on the basis of *forum non conveniens*. *Id.*

With her "Opposition to Defendant's Motion to Dismiss" (Dkt. No. 7), Plaintiff submits her own sworn affidavit (Dkt. No. 7-1); an invoice from her stay at the Capital Hilton Hotel (Dkt. No. 7-2); an incident report she filed with the Hotel regarding her fall (Dkt. No. 7-3); an email exchange she had with an employee of the Hotel in April 2018 (Dkt. No. 7-4); and an "Operative Report" from a surgery that she had in December 2017 (Dkt. No. 7-5). In her affidavit, Plaintiff sets forth additional facts including that: (1) she is an employee of the Virgin Islands Department

---

[1] Defendant cites Fed. R. Civ. P. 12(b)(4), but states that it is moving to dismiss for "insufficient service of process." (Dkt. No. 2 at 1; Dkt. No. 3 at 1). Under Rule 12(b)(4) a party may move to dismiss for "insufficient process" and under Rule 12(b)(5) a party may move to dismiss for "insufficient service of process." Because Defendant takes issue with the method of service, not the contents of the summons, this Court will construe this motion as being brought under Rule 12(b)(5). *See Oliver v. V.I. Bureau of Internal Revenue*, No. 2016-0031, 2020 U.S. Dist. LEXIS 101630, at *2-3 (D.V.I. June 10, 2020) ("Under Rule 12(b)(4), a defendant may attack the substance and form of a summons; whereas, under Rule 12(b)(5), a defendant may attack the manner in which a summons and complaint were, or were not, served.").

2

of Education (Dkt. No. 7-1 at ¶ 3); (2) her hotel reservations at the Capital Hilton in 2016 were made by her employer, *id.* at ¶ 4;[2] (3) she was attending the Society for Human Resource Management's ("SHRM") conference at the Hotel during the time period June 19-22, 2016, *id.* at ¶ 5; and (4) her registration was done by her employer "in communication with defendant Hotel," *id.* at ¶ 6. Additionally, the affidavit describes the harm that Plaintiff alleges stems from her June 2016 fall. *Id.* at ¶¶ 7, 11-13.

With its Reply (Dkt. No. 8), Defendant submits an affidavit from the Director of Security of the Capital Hilton Hotel which states that: (1) in June 2016, SHRM hosted its annual conference at the Hotel (Dkt. No. 8-1 at ¶ 5); (2) "SHRM is wholly unaffiliated with the Hilton in any capacity, other than its use of the premises as a collective guest group," *id.* at ¶ 6; (3) "[t]he Hilton has never marketed, promoted, solicited, or otherwise acted on behalf of SHRM or its annual conferences," *id.* at ¶ 7; and (4) "[t]he Hilton did not send any emails, correspondences or any other communications to the Plaintiff or any person in the U.S. Virgin Islands to promote, market or otherwise solicit attendance to the SHRM conference in 2016," *id.* at ¶ 8.

## II.    APPLICABLE LEGAL PRINCIPLES

A party may assert the defense of lack of personal jurisdiction by motion, pursuant to Rule 12 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(2). Once a defendant raises such a defense, the plaintiff bears the burden of showing that personal jurisdiction is proper. *See O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007). If the Court does not hold an evidentiary hearing, "the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes

---

[2] The affidavit states in this paragraph that Plaintiff arrived at the Hotel on June 13, 2018. The Court understands this to be a typographical error, and reads this instead to say that she arrived on June 13, 2016.

3

drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) (citing *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002); *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992)).

In order to determine whether there is personal jurisdiction over a non-resident defendant in the Virgin Islands, the court applies a two-step test: (1) there must be a statutory basis for jurisdiction under the Virgin Islands long-arm statute, V.I. Code Ann. tit. 5, § 4903; and (2) the defendant must have minimum contacts with the Virgin Islands that are sufficient to satisfy constitutional due process requirements. *See Metcalfe v. Renaissance Marine, Inc.,* 566 F.3d 324, 330 (3d Cir. 2009) (cited with approval in *In re Najawicz*, 52 V.I. 311, 336 (V.I. 2009)); *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155 (3d Cir. 2010). "The Virgin Islands long-arm statute has consistently been construed to authorize the exercise of jurisdiction to the fullest extent permissible under the due process clause." *Buccaneer Hotel Corp. v. Reliance Int'l Sales Corp.*, 17 V.I. 249, 254 (Terr. Ct. 1981); *Urgent v. Tech. Assistance Bureau, Inc.*, 255 F. Supp. 2d 532, 535 (D.V.I. 2003) (statute "is coextensive with the maximum perimeters of the due process clause."); *see also Ford v. Amber Cape Prods., LLC*, No. 2009-144, 2010 U.S. Dist. LEXIS 105022, at *8 (D.V.I Sept. 30, 2010) (statute applies "as widely as constitutional requirements permit, consistent with the intent of the legislature.").

Under the Due Process Clause, a court may exercise either general or specific jurisdiction over a non-resident defendant. General jurisdiction exists when the defendant has "continuous and systematic contacts" with the forum. *Metcalfe*, 566 F.3d at 334 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)) (internal quotations omitted). Specific jurisdiction "exists if the defendant has 'purposefully directed' his activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or relate to' those activities."

*Metcalfe*, 566 F.3d at 334 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Once those elements of specific jurisdiction are established, the Court then "consider[s] whether the exercise of jurisdiction otherwise 'comport[s] with fair play and substantial justice.'" *O'Connor*, 496 F.3d at 317 (quoting *Burger King*, 471 U.S. at 476) (internal quotations and citations omitted).

### III.   DISCUSSION

#### A.   Personal Jurisdiction

In moving to dismiss, Defendant argues that this Court lacks personal jurisdiction over it as a non-resident corporation. (Dkt. No. 3 at 2). Defendant argues that Plaintiff has failed to meet her burden of demonstrating facts that meet any basis for jurisdiction under the Virgin Islands long-arm statute, *id.* at 3-6, and that exercising personal jurisdiction over Defendant would violate due process, *id.* at 6-8.

Defendant is incorporated in Delaware and headquartered in Virginia. *Id.* at 2. It is seemingly undisputed by the parties that Defendant does not carry on business or own or operate hotels in the Virgin Islands. However, Plaintiff is a resident of the Virgin Islands and stayed at the Capital Hilton Hotel while attending the SHRM conference hosted at the Hotel. (Dkt. No. 7-1 at ¶¶ 2, 4, 5). On the basis of alleged contacts with Plaintiff in the Virgin Islands related to the promotion of this conference—which Plaintiff attributes to Defendant—and the occurrence at the Hotel of the slip and fall incident from which this litigation arose, Plaintiff maintains that this Court may "exercise specific jurisdiction over this defendant." (Dkt. No. 7 at 4).

At the outset, the Court notes that Defendant argues that it "neither owns nor operates the Capital Hilton." (Dkt. No. 3 at 2). Instead, it is merely a holding company that "has no substantive

5

connection to the Capital Hilton Hotel other than mere corporate affiliation." *Id.* at 3.[3] However, Plaintiff alleges in her complaint that "Defendant owns and operates the Capital Hilton." (Dkt. No. 1-1 at ¶ 4). Defendant has not submitted any evidence which demonstrates that it does not in fact own or operate the Capital Hilton. *Cf. Rivera v. Wal-Mart Stores, Inc.*, No. 05-4416, 2005 U.S. Dist. LEXIS 26140, at *3-6 (E.D. Pa. Oct. 31, 2005) (granting a motion to dismiss when the plaintiff named the wrong corporate defendant and defendant provided an affidavit proving corporate separateness); *Rucker v. Marriott Int'l Inc.*, No. 03-4729, 2004 U.S. Dist. LEXIS 461, at *5 (E.D. Pa. Jan. 4, 2004) (granting motion for summary judgment, when the defendant "presented uncontroverted evidence that it neither owned nor operated the Hotel" in which the plaintiff was injured). Thus, the Court will take the allegations in the complaint as true. *See Metcalfe*, 566 F.3d at 331 (plaintiffs are "entitled to have their allegations viewed as true and have disputed facts construed in their favor."); *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996) ("In deciding a motion to dismiss for lack of personal jurisdiction, we take the allegations of the complaint as true.").

Even assuming for purposes of this Motion to Dismiss that Defendant does in fact own or operate the Capital Hilton, the Court agrees with Defendant that Plaintiff has not established a prima facie case of sufficient contacts between Defendant and the Virgin Islands to support the exercise by the Court of personal jurisdiction over Defendant. In the following specific jurisdiction analysis, the Court will assume that all of the Hotel's actions can be attributed to Defendant.

---

[3] Plaintiff does not deny that she may have named the wrong defendant in this action. In this regard, she requests "an additional sixty (60) days to identify and serve the correct defendant." (Dkt. No. 7 at 8). Because the Court assumes, for purposes of this Motion, the truth of Plaintiff's allegations that Defendant owns and operates the Capital Hilton, Plaintiff's request will be denied.

Plaintiff asserts in her Opposition—without citation to any evidence or allegations in the complaint—that:

> Defendant promoted and hosted the conference that plaintiff attended. In the months prior to the conference, defendant sent brochures, details, and emails to plaintiff regarding the conference. Plaintiff requested and received reservations from the defendant hotel. These communications were conducted via email.

(Dkt. No. 7 at 4). Plaintiff's Opposition further states "The conference was promoted and hosted by the defendant hotel. Defendant advertised this conference with brochures and on social media, extending an invitation to people all over the world. . . . The training is advertised and promoted by defendant Hotel and targeted the plaintiff who made reservations with the hotel." (Dkt. No. 7 at 7). However, none of the referenced brochures, emails, advertisements, or communications purportedly linked to the Hotel have been produced by Plaintiff. Thus, there is no evidence of activities "purposefully directed" at Plaintiff or residents of the Virgin Islands. *See Metcalfe*, 566 F.3d at 330. While Plaintiff submitted evidence of an email exchange with the Capital Hilton, the emails occurred *long after* her injury and reflect her attempts to submit inquiries to the Hotel about the slip and fall incident. (Dkt. No. 7-4). Post-incident communications with Defendant cannot support personal jurisdiction as her injury could not "arise out of" those communications. *See Metcalfe*, 566 F.3d at 330.

Statements made in Plaintiff's Opposition without support from allegations in the complaint, affidavits, or other evidence are insufficient to meet Plaintiff's burden of establishing personal jurisdiction. *See id.* ("'once a defendant has raised a jurisdictional defense,' the plaintiff must 'prov[e] by affidavits or other competent evidence that jurisdiction is proper.'" (quoting *Dayhoff Inc.*, 86 F.3d at 1302)); *Kressen v. Fed. Ins. Co.*, 122 F. Supp. 2d 582, 586 (D.V.I. 2000) ("Plaintiff's Complaint makes no allegation that any of [Defendant]'s conduct, about which Plaintiff complains, took place in the territory or had any territorial connection. . . . Nor does

Plaintiff submit any affidavits or other evidence which would support a finding of personal jurisdiction . . . ."); *see also Unlimited Holdings, Inc. v. Bertram Yacht, Inc.*, No. CIV 2005-46, 2007 WL 1959166, at *3 (D.V.I. June 22, 2007) (finding that the plaintiff had failed to meet its burden when the complaint lacked allegations, and the plaintiff did not submit any affidavits or other evidence, to support a finding of personal jurisdiction). Accordingly, these unsupported statements regarding Defendant's alleged advertising and promotion of the conference are insufficient to support the conclusion that the Court has personal jurisdiction over Defendant.

Facts that this Court will consider—as alleged in the complaint or supported by Plaintiff's submitted evidence—suggesting contact between Defendant and the Virgin Islands include: (1) "Defendant The Capital Hilton is a corporation that caters to travelers from around the world" (Dkt. No. 1-1 at ¶ 3); (2) Plaintiff's employer, the Virgin Islands Department of Education, made her hotel reservations (Dkt. No. 7-1 at ¶ 4); and, (3) Plaintiff's employer registered her for the conference she was to attend "in communication with defendant Hotel," *id.* at ¶ 6.

Even when these facts are considered, they do not support a finding that personal jurisdiction exists here. The mere fact that hotel reservations were made or that Plaintiff was registered for the conference does not suggest deliberate targeting of the Virgin Islands by Defendant. *See, e.g.*, *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 140–44 (4th Cir. 2020) (an interactive website where customers could make hotel reservations in South Carolina was not enough to demonstrate the hotel deliberately targeted South Carolina and could not support a finding of specific personal jurisdiction).[4] Similarly, although the Hotel may "cater to travelers from around the world," this type of widespread or general marketing effort also does not show

---

[4] The Court notes that Plaintiff's Opposition states that "*Plaintiff* requested and received reservations from defendant hotel." (Dkt. No. 7 at 4) (emphasis added).

8

deliberate targeting of the Virgin Islands. *See D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 104 (3d Cir. 2009) ("[Defendant's] efforts to exploit a national market necessarily included Pennsylvania as a target, but those efforts simply do not . . . amount to purposeful availment of the privilege of conducting activities in that state.").

Plaintiff relies on *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312 (3d Cir. 2007) to support her argument for personal jurisdiction. (Dkt. No. 7 at 4). In *O'Connor¸* the Third Circuit found that there was personal jurisdiction in Pennsylvania over a non-resident hotel for injuries the plaintiff sustained after a slip and fall that occurred during a massage treatment at defendant hotel. 496 F.3d at 315. However, the facts in *O'Connor* are distinguishable from the instant case. There, the defendant hotel mailed seasonal newsletters and a brochure to the plaintiff's home in Pennsylvania and "traded phone calls with [the plaintiff] for the purpose of forming an agreement to render spa services." *O'Connor*, 496 F.3d at 318. Through these acts, the hotel "deliberately reached into Pennsylvania to target two of its citizens." *Id.*[5] Plaintiff has submitted no evidence nor alleged facts in her complaint suggesting such targeting activity occurred here.

On the other hand, Defendant has submitted evidence indicating that Defendant did not target Plaintiff in the Virgin Islands. Defendant produced an affidavit from April Mooney,

---

[5] Plaintiff also relies on *Metcalfe*, 566 F.3d at 332 and *Grand Entertainment Group v. Star Media Sales*, 988 F.2d 476, 382 (3d Cir. 1993). (Dkt. No. 7 at 4-5). While in *Metcalfe* the Third Circuit found that phone calls, faxes, and emails to the plaintiffs while they were in the Virgin Islands were sufficient for personal jurisdiction under subsection (a)(1) of the Virgin Islands long-arm statute, the plaintiffs in *Metcalfe* submitted evidence of those contacts including by "affidavit and . . . other documentary evidence." *Metcalfe*, 566 F.3d at 331-333. Similarly, the Third Circuit in *Grand Entertainment Group* stated, "[m]ail and telephone communications sent by the defendant into the forum may count toward the minimum contacts that support jurisdiction." 988 F.2d at 482. However, the only "evidence" of the alleged phone calls or emails between Defendant and Plaintiff are unsworn statements in Plaintiff's Opposition. As stated above, this Court finds that such statements are insufficient to meet Plaintiff's burden.

9

Director of Security of the Capital Hilton, in which she states that SHRM, whose conference Plaintiff was attending when she was injured, "is wholly unaffiliated with the Hilton in any capacity, other than its use of the premises as a collective guest group." (Dkt. No. 8-1 at ¶¶ 5-6). Additionally, Ms. Mooney states that the Hotel "did not send any emails, correspondences or any other communications to the Plaintiff or any person in the Virgin Islands to promote market or otherwise solicit attendance to the SHRM conference in 2016." *Id.* at ¶ 8.

Even if Plaintiff could show that a third party such as SHRM targeted Plaintiff in the Virgin Islands to market its conference, SHRM's actions cannot be used to support a finding of personal jurisdiction over Defendant. *See O'Connor*, 496 F.3d at 317 ("[T]he 'unilateral activity of those who claim some relationship with a nonresident defendant' is insufficient" to establish personal jurisdiction. (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958))); *see also Gardemal v. Westin Hotel Co.,* 186 F.3d 588, 595–96 (5th Cir. 1999) (finding court could not exercise specific personal jurisdiction over a non-resident hotel when the decedent attended a seminar hosted by a third party at said hotel and there was "no specific evidence that [the hotel], w[as] involved in promoting the seminar or soliciting the [decedent].").

In sum, Plaintiff's scant facts do not support a finding that Defendant "purposefully directed [its] activities" at the Virgin Islands, *Burger King*, 471 U.S. at 472, or that Defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum." *O'Connor*, 496 F.3d at 317 (quoting *Hanson,* 357 U.S. at 253) (internal quotations omitted). Accordingly, Plaintiff has not demonstrated that this Court can exercise personal jurisdiction over Defendant under the requirements of the Due Process Clause.[6] Defendant's Motion to Dismiss will

---

[6] Because the Court finds that it does not have personal jurisdiction over Defendant, it will not address Defendant's arguments regarding insufficient service of process and *forum non conveniens*.

10

therefore be granted to the extent that it seeks a finding that this Court lacks personal jurisdiction over Defendant.[7]

### B.   Transfer under 28 U.S.C. § 1631

The Third Circuit has stated that "a district court that lacks personal jurisdiction must at least consider a transfer." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020). While neither party requested a transfer of this case, a district court may address transfer *sua sponte*. *See id.* (citing *Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167, 171 (3d Cir. 2011); *Island Insteel Sys., Inc. v. Waters*, 296 F.3d 200, 218 n.9 (3d Cir. 2002)). Accordingly, because this Court finds that it cannot exercise personal jurisdiction over Defendant, it will consider whether this case is appropriate to transfer to the proper forum under 28 U.S.C. § 1631.[8]

In the context of its *forum non conveniens* argument, Defendant identified the District of Columbia as an "adequate alternative forum" for this litigation. (Dkt. No. 3 at 12). Therefore, this Court will evaluate whether it should transfer this case to the District Court for the District of Columbia.

Transfer is proper under 28 U.S.C. § 1631 when "(1) the action 'could have been brought' in the transferee district and (2) transfer is in the interest of justice." *Express Freight Sys. v. YMB*

---

[7] For similar reasons that this Court does not have personal jurisdiction under the requirements of the Due Process Clause, the Court finds it also does not have personal jurisdiction over Defendant under the Virgin Islands long-arm statute. While Plaintiff does not specifically identify which subsection, she believes applies to the case, the Court presumes from Plaintiff's arguments that her contention is that Defendant "transact[s] . . . business in this territory" pursuant to V.I. Code Ann. tit. 5, § 4903(a)(1). However, "under section 4903(a)(1), [Plaintiff is] required to show that [Defendant] 'engage[d] in *some type of purposeful activity* within the territory.'" *St. Croix, Ltd. v. Shell Oil Co.*, 60 V.I. 468, 475 (V.I. 2014) (quoting *Molloy v. Independence Blue Cross*, 56 V.I. 155, 176 (V.I. 2012)) (emphasis added). As explained above, however, Plaintiff has not provided evidence of *any* activity in which Defendant purposefully directed its actions at the Virgin Islands.

[8] 28 U.S.C. § 1631 is the appropriate statutory basis for transfer when there is a lack of personal jurisdiction. *Island Insteel Sys. v. Waters*, 296 F.3d 200, 218 n.9 (3d Cir. 2002).

*Enters.*, No. 19-12001 (SDW) (LDW), 2019 U.S. Dist. LEXIS 224490, at *13 (D.N.J. Dec. 18, 2019) (citing *D'Jamoos*, 566 F.3d at 109). The first requirement is met "if the transferee court would have had (1) subject matter jurisdiction, (2) proper venue, and (3) personal jurisdiction over the defendant." 17 James Wm. Moore et al.**,** *Moore's Federal Practice - Civil* § 111.53 (2020).

Starting with the second prong of the analysis, under 28 U.S.C. § 1631, "[t]he 'interest of justice' requirement ordinarily will be satisfied if the statute of limitations has expired subsequent to the time of the original filing, so that transfer, rather than dismissal, will preserve the plaintiff's cause of action" *Id.* at § 111.52. If this case were dismissed, Plaintiff's claims for an injury sustained in 2016 would likely be barred by the statute of limitations. Under D.C. law, the limitations period for a claim of negligence is three years. D.C. Code § 12-301(8); *Sykes v. United States Atty.*, 770 F. Supp. 2d 152, 155 (D.C. Cir. 2011). Further, under D.C. law, the limitations period is not tolled if the plaintiff brings a case that is dismissed for lack of personal jurisdiction. *See Dupree v. Jefferson*, 666 F.2d 606, 611 (D.C. Cir. 1981) ("the pendency of an action involuntarily dismissed without prejudice does not operate to toll the running of the statute of limitations."); *Sayyad v. Fawzi*, 674 A.2d 905, 906 (D.C. 1996) (affirming the reasoning in *Dupree*). If Virgin Islands law were to apply, the applicable statute of limitations is two years. V.I. Code Ann. tit. 5, § 31. Because of the likely statute of limitations bar, this Court finds that transfer of this case, rather than dismissal, would be in the interest of justice.

Turning to the first prong of the analysis—whether the action could have been brought in the District of Columbia—the District Court there could have properly exercised subject matter jurisdiction over this matter on the basis of diversity. 28 U.S.C. § 1332. Additionally, venue would have been proper in the District of Columbia given that the alleged injury occurred in that district.

28 U.S.C. § 1391(b)(2). Finally, Defendant concedes, in the context of its *forum non conveniens* argument, that it is subject to personal jurisdiction in the District of Columbia when it says:

> [T]he District of Columbia is an adequate alternative forum. "Ordinarily, this requirement will be satisfied when the defendant is 'amenable to process' in the other jurisdiction." . . . The courts of that forum can afford all of the jurisprudential and procedural remedies sought by the parties in this case and the Hilton certainly submits to that jurisdiction as it does business there."

(Dkt. No. 3 at 12-13).[9]

In view of the foregoing, the Court finds that the requirements for transfer in this case have been met. Accordingly, the Court shall transfer this case to the District Court for the District of Columbia.

## IV    CONCLUSION

For the reasons articulated above, the Court will grant Defendant's motion insofar as Defendant seeks a finding that this Court lacks personal jurisdiction over it, but will deny Defendant's request to dismiss the case. Instead, the Court shall transfer this case to the District Court for the District of Columbia.

The Court will deny Plaintiff's request for additional time to ascertain the correct Defendant in this action. The Court will also deny Defendant's request for leave to petition for fees and costs.[10]

---

[9] While Defendant's use of the term "Hilton" here is somewhat ambiguous, this Court reads "Hilton" in this context to refer to Defendant itself, not another entity within the Hilton corporate family. This interpretation is reinforced by Defendant's reiteration of the point in its Reply: "Simply put, the District of Columbia is the proper jurisdiction to have brought this case. . . ." (Dkt. No. 8 at 9).

[10] Defendant has requested "leave of Court to Petition for fees and costs associated with the defense of this action." (Dkt. No. 3 at 15). The Court will deny this request given the current stage of the litigation. Costs and fees can properly be assessed at the end of the litigation, instead of in a piecemeal fashion.

An appropriate Order accompanies this Memorandum Opinion.

Date: September 17, 2020                             _____/s/_____
                                                    WILMA A. LEWIS
                                                    Chief Judge